Filed 3/30/2015 3:23:17 PM
Heidi Easley
County Clerk
Victoria County, Texas
By: Ronnie Orsak

CAUSE NO. **CIV2-17247** _____

| | | |
|---|---|---|
| AMY MURILLO, INDIVIDUALLY and | § | IN THE COUNTY COURT OF |
| JESUS TREVINO, INDIVIDUALLY | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | LAW NUMBER_____ |
| | § | |
| DALE EDWARD BARTON, JR. and | § | |
| WERNER ENTERPRISES, INC. | § | |
| Defendant. | § | VICTORIA COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs AMY MURILLO, INDIVIDUALLY and JESUS TREVINO, INDIVIDUALLY file this Plaintiffs' Original Petition complaining of Defendant DALE EDWARD BARTON, JR. and Defendant WERNER ENTERPRISES, INC. and respectfully show as follows:

### I.

### DISCOVERY PLAN LEVEL 1

1. Plaintiffs request that this lawsuit be governed by Discovery Plan Level 1 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

2. Plaintiffs are individual residents of Jackson County, Vanderbilt, Texas. Defendant Dale Edward Barton, Jr. is an individual resident of Englewood,



Florida. He may be served with citation at his usual place of residence at 56 Warren Ave., Englewood, Florida 34223, or wherever he may be found.

Defendant Werner Enterprises, Inc. is a corporation, authorized to do business in Texas, and may be served with citation through its registered agent, William L. Clark, 8601 Peterbilt Ave., Dallas, Texas 75241 or wherever he may be found.

### III.

### JURISDICTION AND VENUE

This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court for monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, and pre-judgment interest. Venue is proper in Victoria County, Texas, because all, or a substantial part, of the events giving rise to the cause of action occurred in Victoria County.

### IV.

### FACTUAL BACKGROUND

This is a suit for negligence. On or about January 9, 2014, Plaintiff Amy Murillo, the driver of her vehicle, with Plaintiff Jesus Trevino as her passenger, was traveling southbound on Business 59 approaching US 59. At the same time, Defendant Dale Edward Barton, Jr., the driver of a tractor trailer vehicle belonging to Defendant Werner Enterprises, Inc., was traveling northbound on US 59. Defendant Dale Edward Barton, Jr. failed to yield the right of way and turned his vehicle to the left across the southbound lanes in front of plaintiffs' vehicle causing the collision between Plaintiffs' vehicle and his vehicle. The negligence of the Defendant caused the collision of the vehicles, resulting in Plaintiffs' bodily injuries and damage to their vehicle.

The investigating police officer at the scene of the collision issued a citation to Defendant

Dale Edward Barton, Jr. for failing to yield the right of way while making a left turn.

V.

## CAUSES OF ACTION

Plaintiff alleges Defendant Dale Edward Barton, Jr. was an employee of Defendant Werner Enterprises, Inc., acting within the course and scope of his employment for the benefit of Defendant Werner Enterprise, Inc. at the time of the collision. Defendant Werner Enterprises, Inc. is liable for the conduct, acts, omissions, and negligence of its employees while in the course and scope their employment. Defendant Dale Edward Barton, Jr. was paid and trained to operate Defendant Werner Enterprises, Inc.'s vehicle and his work was determined and dictated by Werner Enterprises, Inc.

Defendant Werner Enterprises, Inc. is vicariously liable for the conduct, acts, omission, and negligence of Defendant Dale Edward Barton, Jr. under theories of employer/employee, *respondeat superior*, master/servant, and other such theories.

Defendants' negligence caused Plaintiffs' injuries and damages. This accident could have been avoided, if Defendants had not been negligent in the following particulars:

- a. failing to keep a proper lookout;
- b. driving inattention;
- c. failing to yield the right of way when turning left;
- d. failing to timely apply the brakes so as to avoid a collision with Plaintiffs' vehicle;
- e. failing to turn the vehicle to avoid the collision; and,
- f. in all things failing to act in as a reasonable person would by using ordinary care in the same or similar circumstances.

VI.

## DAMAGES

Because Plaintiffs' bodily injuries were proximately caused by the Defendants' negligence, Plaintiffs are entitled to reasonable compensation for the following damages:

a. past and future medical expenses;

b. past and future physical pain and mental anguish;

c. past and future physical impairment;

d. loss of income;

e. property damage.

VII.

## REQUEST FOR DISCLOSURES

Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiffs' Requests for Disolosure to Defendants.

VIII.

## PRAYER

Plaintiffs pray that they have judgment against Defendants, jointly and severally, for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court and for all other relief, legal and equitable, to which they are entitled.

Respectfully submitted,

By: /s/ [signature]

SCOTT OGLE
LAW OFFICE OF SCOTT OGLE
State Bar No.00797170
2028 W. Ben White Blvd
Austin, Texas 78704
Telephone: (512) 442-8833
Facsimile: (512) 442-3256
Email: soglelaw@peopepc.com

ATTORNEY FOR PLAINTIFFS